64 F.3d 656
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Edward COZART, d/b/a Cozart Tri-State Tobacco
Warehouses, Pennington Gap, Virginia, d/b/a
Farmer's-Big-Star-Cozart Warehouses, Weber City, Virginia,
d/b/a Banner Star Farmer's Warehouses, Abingdon, Virginia,
d/b/a Cozart Tobacco Warehouses, Abingdon, Virginia;
Southwest Tobacco Warehouses, Incorporated; The Three S
Corporation, Plaintiffs-Appellees,
v.
J. Carlton COURTER, III, Commissioner of Agriculture and
Consumer Services for the Commonwealth of
Virginia; Board of Agriculture and
Consumer Services,
Defendants-Appellants.
 No. 94-1442.
 United States Court of Appeals, Fourth Circuit.
 Aug. 24, 1995.
 
 ARGUED: John Barry Purcell, Jr., Asst. Atty. Gen., OFFICE OF THE ATTORNEY GENERAL, Richmond, VA, for Appellants. William Beverly Poff, WOODS, ROGERS & HAZLEGROVE, Roanoke, VA, for Appellees. ON BRIEF: James S. Gilmore, III, Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, VA, for Appellants. Frank K. Friedman, Matthew P. Pritts, WOODS, ROGERS & HAZLEGROVE, Roanoke, VA, for Appellees.
 OPINION
 Before RUSSELL, WILKINS, and MICHAEL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiffs, James E. Cozart, Southwestern Tobacco Warehouses, Inc., and the Three S Corporation (collectively, the "warehousemen"), are the owners and operators of burley tobacco warehouses in Virginia. Constrained by restrictive Virginia regulations that severely limited the rates they could charge for their services, the warehousemen alit upon an ingenious strategy: they applied for and received federal licenses under the United States Warehouse Act ("USWA"), 7 U.S.C. Secs. 241-273, and then filed an action in federal court seeking a declaratory judgment that the USWA preempts state regulation. The defendants, the Virginia Board of Agricultural and Consumer Services and its Commissioner (collectively, the "Commissioner"), have conceded that the USWA preempts state law. Instead, the Commissioner raised an affirmative defense challenging the validity of the licenses granted to the warehousemen. Because the Commissioner made no attempt to challenge the validity of the licenses through administrative proceedings, the district court did not reach the merits of the Commissioner's argument and granted summary judgment in favor of the warehousemen. We affirm the district court's decision under somewhat different reasoning.
 
 I.
 
 2
 The plaintiff warehousemen own and operate burley tobacco warehouses in Virginia. The warehouses receive burley tobacco from growers and auction the tobacco at private sales. When a warehouse receives tobacco from growers, the warehouse employees unload, weigh, bind, and stack the tobacco. The stacks of tobacco are then stored in the warehouse until they are sold at auction. On the day of the auction, a sample bale of each grower's tobacco is opened for the buyers to inspect, and the lot is sold to the highest bidder. The buyer pays the warehouse, which deducts its commission and pays the remainder to the grower. The tobacco remains in storage at the warehouse until the buyer's agents load the tobacco and remove it from the warehouse.
 
 
 3
 The Virginia Department of Agriculture and Consumer Services regulates burley tobacco warehouses under Virginia's Commission Merchant Law, Va.Code Ann. Secs. 3.1-692 to 3.1-722. The Commission Merchant Law requires licensure of any person acting as a commission merchant. Va.Code Ann. Sec. 3.1-693. The definition of commission merchant includes any person "who conducts or operates an auction market, or who shall receive farm products for sale on commission...." Va.Code Ann. Sec. 3.1-692. Thus, the burley tobacco warehouses are regulated under the Commission Merchant Law because they are auction markets. Virginia law also regulates the amount a burley tobacco warehouse may charge for its services as follows:
 
 
 4
 No [operator of] any warehouse in which burley tobacco is sold at public auction, shall charge or receive any commission in excess of three percent of the sales price of such tobacco, nor shall any basket charge be in excess of twenty-five cents per basket, which commission and basket charge shall constitute the entire amount charged by the warehouse operator in connection with such sale....
 
 
 5
 Va.Code Ann. Sec. 61.1-55.
 
 
 6
 In October 1993, the warehousemen filed applications with the Agricultural Stabilization and Conservation Service ("ASCS") of the United States Department of Agriculture ("USDA") to receive federal licenses under the USWA. The USWA allows the Secretary of Agriculture to license the owners of warehouses used for the storage of agricultural products. Agricultural Stabilization and Conservation Serv., U.S. Dep't of Agric., United States Warehouse Act Fact Sheet 1 (Mar.1992) ("USWA Fact Sheet"). The USWA is a "permissive regulatory act" because it applies only to persons who voluntarily apply for USWA licenses. Id. The purposes of the USWA are to provide depositors with reliable protection, to produce a uniform regulatory system for storage of agricultural products, to provide warehouse receipts that are evidence of ownership and can be used as loan collateral, and to require warehouse owners to accept products for storage without discrimination. Id.
 
 
 7
 As part of the application process, each warehouseman submitted proposed and final tariffs to the ASCS detailing its proposed warehouse charges if licensed. The warehousemen proposed to charge the tobacco growers a one-time storage and handling charge; although the warehousemen proposed slightly different rates, the average rate is approximately $7.00 per hundred pounds of tobacco. The service and handling charge is a flat rate based upon the weight of the tobacco stored at the warehouse instead of a rate based on a percentage of the sale price. When the service and handling charges are converted to a percentage of the sales price, they exceed the commission charges allowed under the Virginia statute. Nonetheless, the ASCS determined that the proposed charges are reasonable in comparison to other burley tobacco auction warehouses in neighboring states. After conducting an extensive review of the operations of the plaintiffs' warehouses, the ASCS issued licenses to the warehousemen.
 
 
 8
 On November 9, 1993, the warehousemen filed a declaratory judgment action in the United States District Court for the Western District of Virginia seeking a declaration that the USWA preempts Virginia's Commission Merchant Law. In its answer, the Commissioner conceded preemption but contended that the warehousemen are not and cannot be in compliance with the USDA regulations because they operate auction warehouses instead of storage warehouses. Specifically, the Commissioner alleged that the warehousemen have failed to comply with the USWA in the following ways:
 
 
 9
 1. The receipts issued to the growers, in at least seven different ways, do not comply with the requirements of 7 U.S.C. Sec. 260 and 7 C.F.R. Sec. 737.16.
 
 
 10
 2. The warehousemen release tobacco from the warehouses in violation of 7 C.F.R. Sec. 737.22 because they do not require the growers to furnish a written statement identifying the person or persons authorized to order the release of the tobacco covered by the receipt.
 
 
 11
 3. The warehousemen have not posted in conspicuous places a copy of their current charges, in violation of 7 C.F.R. Sec. 737.29.
 
 
 12
 4. The warehousemen are not mailing to the growers a copy of the grade certificates issued on their tobacco, in violation of 7 C.F.R. Sec. 737.45(b).
 
 
 13
 On January 11, 1994, the warehousemen filed a motion for summary judgment, which the district court granted on March 1, 1994. The district court recognized that it had no factual issue to decide on the preemption question because the Commissioner conceded the point. Furthermore, the district court refused to consider whether the warehousemen possessed valid licenses under the USWA because the Commissioner failed to exhaust his administrative remedies. The Commissioner has appealed.
 
 II.
 
 14
 This Court reviews de novo the district court's granting or denying of summary judgment. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 928 (4th Cir.1995). Summary judgment is appropriate where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 15
 The Commissioner has conceded that the USWA preempts state regulation of the warehousemen. Instead, the Commissioner argues that (1) the warehousemen's licenses were not validly granted and (2) the warehousemen have failed to comply with numerous provisions and regulations of the USWA. We conclude that the Commissioner's arguments do not relate to the subject matter of the declaratory judgment action. Accordingly, we do not at this time reach the merits of the Commissioner's arguments or consider whether the district court correctly held that the Commissioner failed to exhaust his administrative remedies. Furthermore, we do not consider whether the Commissioner would have had standing to challenge the validity of the warehousemen's licenses if he had brought a separate action against the ASCS.
 
 
 16
 Therefore, we affirm the district court's decision to grant summary judgment in favor of the warehousemen.
 
 
 17
 AFFIRMED.